UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARJUSZ ROSZKOWSKI          :
                           :
     v.                    :     C.A. No. 10-251ML
                           :
CORPORAL TIMOTHY SANZI, et. al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72) is the State of Rhode Island's Motion to Dismiss Plaintiff's Complaint against Defendants Corporal Timothy Sanzi, Detective Christopher Zarrella and Detective Scott Baruti, sued in their capacities as officers of the Rhode Island State Police. The State's Motion is filed pursuant to Fed. R. Civ. P. 12(b)(6) and contends that Plaintiff has failed to state a claim upon which relief can be granted. (Document No. 9). Plaintiff filed an Objection. (Document No. 16). The legal issue raised in the State's Motion is narrow and has been adequately framed in the parties' filings. Thus, I conclude that neither oral argument nor a hearing is necessary to, or would be of assistance in, resolving the State's Motion to Dismiss.

**Background**

In November 2009, Plaintiff was charged by Criminal Complaint in this Court with a violation of 18 U.S.C. § 922(g)(1), i.e., being a felon unlawfully in possession of a firearm. United States v. Roszkowski, CR No. 1:09-MJ-211-A. Plaintiff's felony record arose out of a 2006 federal bank robbery conviction in the District of New Hampshire. United States v. Roszkowski, CR No. 05-135 (D.N.H.). Plaintiff served a fifty-one month prison sentence for that conviction and

commenced a three-year term of federal supervised release on July 31, 2009. In December 2009, Plaintiff was indicted in this District on the felon in possession charge, as well as a charge that he violated 18 U.S.C. § 922(k) for possession of a firearm with an obliterated and altered serial number. United States v. Roszkowski, CR No. 09-171S. Plaintiff went to trial on the federal firearm charges and was found guilty by a jury on September 22, 2010. Id. at Document No. 59. He has not yet been sentenced on this conviction.

As part of its criminal investigation of Plaintiff, state law enforcement authorities applied for and received a search warrant from a Massachusetts State Judge for Plaintiff's residence at 8 Pleasant Street in North Reading, Massachusetts. The search warrant application was based, in part, on information from a confidential informant who indicated that Plaintiff told him that he "was requesting to purchase firearms in order to complete a bank robbery." (Document No. 16-1 at 3). Additionally, the police arranged a phone call during which an undercover police officer (Defendant Zarrella) posed as a gun dealer, and Plaintiff expressed interest in purchasing firearms from him. Id. at 4, 7. During that conversation, Plaintiff and Defendant Zarrella agreed to meet the following day in Lincoln, Rhode Island for the gun transaction. Id. The next day, Plaintiff drove from his residence in North Reading to the location in Lincoln previously arranged for his purchase of firearms from Zarrella. Id. When police attempted to arrest Plaintiff at the arranged location, a struggle ensued, and Plaintiff's firearm, which had been concealed in his waistband, discharged and injured Plaintiff. Id. at 7-8. Plaintiff does not expressly deny unlawful possession of the firearm but contends that he attempted to commit suicide during his arrest on the "false charges" and did not attempt to "kill cops." (Document No. 1-2 at 1; Document No. 16 at 3-4).

The information from the informant, the recorded phone conversation with Defendant Zarrella, Plaintiff's appearance at the location selected for the gun transaction, his possession of a gun and his struggle with police were all presented in support of the application for the search warrant for Plaintiff's residence. A Massachusetts State Judge reviewed the Affidavit in support of the warrant and issued the warrant. The search occurred on November 6, 2009.[1]

This civil action was commenced by Plaintiff on June 14, 2010. (Document No. 1). The crux of his claim is that certain information contained in the Affidavit submitted in support of the search warrant application for his residence was knowingly false. Specifically, Plaintiff alleges that the Affidavit deliberately misstated that Plaintiff intended to purchase firearms to rob a bank. Plaintiff contends he "<u>did not</u> want to purchase firearms and wasn't robbing <u>anything</u> including the claim of robbing a bank." (Document No. 16 at 3) (emphasis added). He also argues that the fact that he was "never even indicted on the false allegations of attempting to purchase firearms or attempting to rob banks, further legally and redundantly proving the statements to be false." <u>Id.</u> Plaintiff concludes that the search of his residence was illegal and "knowingly executed on false pretenses" and he seeks two million dollars in compensatory damages. (Document No. 1 at 3 and 1-2).[2]

---

[1] According to a subsequent Affidavit sworn to by Defendant Zarrella, the search of Plaintiff's bedroom at the North Reading residence resulted in the seizure of a laptop computer, "a box of 9mm ammunition, a Uniden scanner, combat survival books, as well as a black notebook which contained a handwritten diagram of the inside of a bank to include tellers and the positions of video cameras." (Document No. 16-1 at p. 8).

[2] The Court notes that at his criminal trial, Plaintiff challenged the Massachusetts search warrant on the same grounds presented in this civil action. District Judge Smith held a hearing on his Motion to Suppress, but found Plaintiff's arguments unsupported and declined to hold an evidentiary hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154, 164-165 (1978). Accordingly, District Judge Smith denied Roszkowski's Motion to Suppress. (<u>See</u> Document Nos. 51 and 53 and Text Order of September 17, 2010 in <u>United States v. Roszkowski</u>, CR No. 09-171S).

**Discussion**

The State moves for dismissal of Plaintiff's Complaint as to the State Police Officer Defendants under Rule 12(b)(6), Fed. R. Civ. P. Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead,"the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico, Nos. 08-2283, 09-1801, 2010 WL 5093220, *4 (1st Cir. Dec. 10, 2010).

The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures." U.S. Const. Amend. IV. In the context of a civil claim brought pursuant to

42 U.S.C. § 1983, a plaintiff alleging a search was illegal pursuant to a warrant issued upon false officer testimony must satisfy the test set forth in Franks v. Delaware, 438 U.S. at 171-172. See Cruz-Acevedo v. Toledo-Davila, No. 07-2104 (JAF), 2009 WL 497499 (D.P.R. Feb. 26, 2009). The Franks test requires the plaintiff to establish "(1) the officer made a 'false statement knowingly and intentionally, or with reckless disregard for the truth' that was included in the warrant affidavit, and (2) 'the false statement is necessary for a finding of probable cause.'" Id. A warrant affidavit is entitled to an assumption of validity, thus, the "challenger's attack must be more than conclusory." Id. See also Willocks v. Dodenhoff, 110 F.R.D. 652, 657 (D. Conn. 1986) (citing Franks, 438 U.S. at 171("[w]hen inquiring into the veracity of a warrant, one begins with 'a presumption of validity with respect to the affidavit supporting the search warrant.'")).

In Cruz-Acevedo, the District Court for the District of Puerto Rico noted that "the sufficiency of pleading in a Franks claim under § 1983 is a novel issue in the First Circuit." Id. In that case, the Court noted that other courts generally require a plaintiff to "(1) identify the specific portions of the affidavit that the Plaintiff contends are false, and (2) aver that these falsehoods were material to the issuance of the warrant." Id. The Court also noted that "[t]he magistrate must have relied on the alleged falsehood and there must be no other basis for a finding of probable cause." Id.

In the present case, Plaintiff fails to state a claim under § 1983 for violation of his Fourth Amendment rights based on his claim that the search warrant in question was issued on the basis of false officer testimony. The test he must meet is two pronged. As to the first prong, Plaintiff claims that the statements in the Affidavit attributed to the informant that Plaintiff wanted to purchase firearms and intended to use them "to complete a bank robbery" was knowingly false. (Document

No. 16-1 at p. 3). Although he provides the Court with no specific proof of its falsity, he claims that he can support his claims with "a redundant amount of hard evidence." (Document No. 1-2 at 1).[3]

This Court will assume, arguendo, that Plaintiff has satisfied the first prong by identifying the specific portions of the Affidavit he deems to be false, i.e., the informant's report that he wanted firearms to complete a bank robbery. Even with the benefit of the Court's indulgence as to the first prong, Plaintiff does not sufficiently state a plausible claim as to the second prong. In short, the alleged falsehood in the Affidavit (Plaintiff's intent to complete a bank robbery) was not material to the issuance of the warrant in light of all of the other facts supporting probable cause. In Cruz-Acevedo, the Court noted that with the exclusion of the alleged falsehood, "[t]here must be no other basis for a finding of probable cause." (emphasis added).

In this case, even excluding the allegation that Plaintiff intended to rob a bank, the Affidavit in support of the search warrant contained other bases for a finding of probable cause to search his residence at that time. For example, the Affidavit recites the fact that Plaintiff has a history as a violent criminal, including a federal bank robbery conviction. The Affidavit also states that, independent of the informant, Plaintiff himself arranged to purchase guns directly from Defendant Zarrella and then drove the next morning from his home to the chosen meeting place. The Affidavit also recites Plaintiff's resistance when he refused to comply with the orders of police and the fact that Plaintiff had a concealed firearm in his waistband at the time. (Document No. 16-1 at 4-5). These facts, at a minimum, establish probable cause to search Plaintiff's residence for other evidence

---

[3] At Plaintiff's recent trial in CR No. 09-171S, a transcript of a November 5, 2009 telephone conversation between Plaintiff and Defendant Zarrella was admitted into evidence as Government's Exhibit 25. Although Plaintiff does not mention a planned bank robbery in that conversation, he makes absolutely clear to Defendant Zarrella that he wanted to buy both firearms and ammunition from Zarrella and explained to Zarrella that he needed "hollow point" ammunition for "house protection."

-6-

of unlawful behavior by Plaintiff, such as evidence regarding his unlawful possession of firearms and/or ammunition, or the commission or planning of crimes using such firearms. In light of all of these facts, the second prong of the test cannot be satisfied as a matter of law since the search warrant Affidavit easily clears the probable cause hurdle, even disregarding the informant's report that Plaintiff intended to rob a bank.

Plaintiff's argument against dismissal is not legally supported, and his Complaint does not contain any legally viable claims against the Rhode Island State Police Defendants. In addition to the Rhode Island State Police Defendants, Plaintiff also sues Trooper Joseph F. Ross of the Massachusetts State Police who was the affiant for the Massachusetts search warrant in question and, according to Plaintiff, "retrieved the search warrant for the RISP," and Mr. James Snoke who Plaintiff alleges was a "former employee of the Intelligence Unit of the RISP" and the alleged source of the claim about Plaintiff's plan to rob a bank. Since Plaintiff bases his Fourth Amendment claim against these Defendants on the same facts as his claim against the Rhode Island State Police Defendants, it follows that Plaintiff also fails to state a legally viable claim under 42 U.S.C. § 1983 against Defendants Snoke and Ross. Thus, his Complaint should also be dismissed as to Defendants' Snoke and Ross pursuant to Fed. R. Civ. P. 12(b)(6).

**Conclusion**

For the reasons stated, I recommend that the State of Rhode Island's Motion to Dismiss (Document No. 9) be GRANTED as to Plaintiff's claims against Defendants Sanzi, Zarrella and Baruti. In addition, I recommend that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that the District Court sua sponte dismiss Plaintiff's claims against Defendants Snoke and Ross and enter final judgment in favor of Defendants and against Plaintiff on all claims in his Complaint.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 14, 2011